UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TODD GIFFIN,

        Petitioner,        6:15-cv-1341-CL

    v.                           FINDINGS AND
                                   RECOMMENDATION
USA, et al.,

        Respondent.

CLARKE, Magistrate Judge.

    Plaintiff's Application to proceed *in forma pauperis* (#1) should be allowed. However, for the reasons set forth below, this action should be dismissed on the grounds that plaintiff's petition fails to state a claim and is frivolous as a matter of law.

    Petitioner, who is not incarcerated, filed a *pro se* petition under 28 U.S.C. § 2241, naming President Obama, Secretary of Defense Chuck Hagel, U.S. Attorney General Eric

1 - FINDINGS AND RECOMMENDATION

Holder and a host of other federal and state officials as respondents. The petition purports to be filed "directly with the U.S. Supreme Court, which is allowed under 28 U.S.C. § 2242." Petition (#2) p. 1-2.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief...."[1] Rule 4 has also been found to permit *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or factual allegations that are palpably incredible or false. See, e.g. Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of constitutional errors").

In this case, petitioner's typewritten 30 page, single spaced petition followed by a page of "questions," is incomprehensible. The petition is accompanied by several hundred pages of equally incomprehensible "exhibits."

Unfortunately, petitioner's pleading indicates that he is

---

[1]Rule 1(b) allows United States District Courts to apply these rules to § 2241 petitions at their discretion.

2 - FINDINGS AND RECOMMENDATION

delusional.[2] There is simply no way to decipher petitioner's allegations or screen the petition for possible cognizable claims.

Petitioner's Petition (#2) should be denied for failure to state a claim. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

---

[2] I take judicial notice that petitioner was formerly a patient at the Oregon State Hospital who was confined there after a determination that he was unfit to proceed in a criminal proceeding in the Lane County. Petitioner has filed at least three other habeas petitions. See, 6:13-cv-2067 (D. Ore. 2013). In 6:13-cv-00274-PK, Judge Brown found petitioner's allegations "wholly unbelievable."

3 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Findings and Recommendation or judgment dismissing this case would be frivolous and not taken in good faith.  Therefore, plaintiff's in forma pauperis status should be revoked.*

DATED this 28 day of July, 2015.

Mark D. Clarke
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION